In re Stephen B. SAULS, Jr. and Theresa Sauls, Debtors.

Bankruptcy No. 93–43446–H5–13.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Dec. 21, 1993.

---

Mary A. Daffin, Houston, TX, for Mellon Mortg. Co., creditor.

Hallie W. Gill, Houston, TX, for debtors.

## ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

KAREN KENNEDY BROWN,
Bankruptcy Judge.

Before the Court are debtor's plan and objections to confirmation of the plan filed by creditor, Mellon Mortgage Company. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334, and 157(b)(2)(A) and (L). This is a core proceeding.

Mellon Mortgage Company (the "mortgage company") holds a secured claim against the debtor of $8,169.52 in arrearage. The debtor does not dispute this amount and allocates $8170.00 to the mortgage company in the Amended Chapter 13 Plan filed on October 13, 1993. At issue is the appropriate rate of postpetition interest to be paid on the claimed arrearage over the term of the plan.

The debtor's plan proposes a rate of 8.0%. The mortgage company claims that the appropriate rate is the contract rate of 10.5% as provided in the note and deed of trust. In support of this contention the mortgage company cites 11 U.S.C. § 1322(b)(2) which provides, in pertinent part, that a Chapter 13 plan may "modify the rights of holders of secured claims, *other than a claim secured only by an interest in real property that is the debtor's principal residence*" (emphasis added). This provision contrasts with 11 U.S.C. § 1322(b)(5) which allows for the curing of defaults on claims on which the last payment is due after the date on which the final payment under the plan is due. At issue is whether a mortgagee's post-petition interest rate is simply an aspect of debtor's permitted "cure" or a "right" of the mortgagee which cannot be modified.

In *Nobelman v. American Savings Bank,* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the Supreme Court determined that,

The bank's rights ... are reflected in the relevant mortgage instruments, which are enforceable under Texas law. They include the right to repayment of the principal in monthly installments over a fixed term at specified adjustable rates of interest, the right to retain the lien until the debt is paid off, the right to accelerate the loan upon default and to proceed against petitioner's residence by foreclosure and public sale, and the right to bring an action to recover any deficiency remaining after foreclosure ... These are the rights that were "bargained for by the mortgagor and the mortgagee," ... and are rights protected from modification by § 1322(b)(2).

*Nobelman,* —— U.S. at ——, 113 S.Ct. at 2110.

The Supreme Court acknowledged that the lender's powers to enforce its rights is checked by the Bankruptcy Code's automatic stay provision. —— U.S. at ——, 113 S.Ct. at 2110. The Court further stated that section 1322(b)(5)'s limitations on the lender's rights are independent of the debtor's plan and a debtor's plan cannot significantly modify contractual rights. *Id.*

The Trustee suggests that a mortgage company is only entitled to the present value of its claim under section 1325(a)(5) and cites to *Rake v. Wade,* —— U.S. ——, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993) as supporting payment of present value for an oversecured creditor. In fact, the *Rake* opinion specifically states that it expresses no view on the appropriate rate of interest that debtors must pay on arrearages cured pursuant to section 1322(b)(5). —— U.S. at —— n. 8, 113 S.Ct. at 2192 n. 8. Therefore, although the language at footnote 9 of that opinion suggests that the rights of the mortgagee may be affected by the cure permitted debtor, the opinion clearly states that it does not address the appropriate interest rate to be paid on arrearages.

The trustee further implies that the provisions of section 1325(a)(5) and its legislative history override the provisions of section 1322(b)(2) but these provisions are not in conflict. Section 1325(a)(5) simply provides that the value to be provided on a secured claim under the plan is *not less than the allowed amount* of such claim, while section 1322(a)(5) provides further protection for the claim of the mortgagee. While the market rate of interest no doubt provides for the present value of the allowed amount of a secured claim this analysis does not end or limit the Court's inquiry into the rights of the mortgagee which may not be modified under section 1322(b)(2) and the appropriate interest rate to be paid on arrearages under the plan.

■ The Court concludes that the appropriate rate of interest to be paid on a mortgagee's arrearages under a chapter 13 plan is the non-default contract rate unless the particular facts of a case show some other rate to be appropriate.

Applying the rule in *Nobelman* to the facts of the instant case, the Court **DENIES** confirmation of the debtors' plan; it is further **ORDERED** that the debtors shall file an amended plan providing for the payment of the contract rate of 10.5% on the arrearage within 20 days.