**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20458

_____


In the Matter of:

JOSE MANUEL CABRERA and MARIA LOURDES CABRERA,

Debtors.


DANIEL E. O'CONNELL,
JOSE MANUEL CABRERA,
and
MARIA LOURDES CABRERA,

Appellants,

VERSUS

TROY & NICHOLS, INC.,

Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____

November 1, 1996

Before KING, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Jose and Maria Cabrera, debtors in this chapter 13 bankruptcy proceeding, and Daniel O'Connell, the trustee (collectively, "the Cabreras"), appeal the denial of confirmation of their chapter 13 bankruptcy plan. Agreeing with the bankruptcy and district courts, we affirm.

The Cabreras filed a petition for voluntary bankruptcy. Among their liabilities is a homestead mortgage[1] held by Troy & Nichols, Inc. ("Troy & Nichols"). At the time the Cabreras filed for bankruptcy, they had defaulted on their mortgage payments and were in arrears for $5,770.08. The note underlying the mortgage provides that "[a]ll past due installments of principal and interest shall bear interest from maturity at [10.5% per annum]."

The Cabreras submitted a plan to the bankruptcy court, proposing to continue making scheduled mortgage payments outside the plan. They would cure their default, however, by paying the arrearage over a 60-month period under the plan. The Cabreras proposed that interest would accrue on the arrearage at 8% per annum, the same rate they proposed for other payments under the plan.

Troy & Nichols objected to the plan on the ground that the plan impermissibly modified its contractual rights under the note. It contended that under the terms of the note, it was entitled to interest on the arrearage at the rate of 10.5% rather than 8%. The bankruptcy court, relying on *In re Sauls*, 161 B.R. 794 (Bankr. S.D. Tex. 1993), denied confirmation, and the district court affirmed.

---

[1] We use the term "homestead mortgage" to refer to a debt "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2) (1994); *see also Nobelman v. American Sav. Bank*, 508 U.S. 324, 327 (1993) (using "homestead mortgage" in same manner).

II.

We must decide the appropriate rate of interest to apply to the arrearage when a debtor proposes to cure a default on a homestead mortgage under a chapter 13 plan. Troy & Nichols maintains that we should apply the "contract rate"SSthe rate the note specifies to apply to the arrearageSSif a contract rate exists. The Cabreras argue that we should always apply a "present value rate"SSa rate that will allow the mortgagee to recover the present value of the arrearage at the time of confirmation.

Title 11 U.S.C. § 1322(e) ordinarily would govern this dispute: "Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." That provision, however, applies only to agreements entered into on or after October 22, 1994. Bankruptcy Act of 1994, Pub. L. No. 103-394, § 702(b)(2)(D), 108 Stat. 4106, 4151 (1994). The agreement here was entered into in 1989.

After reviewing the record, we conclude that the bankruptcy court correctly denied confirmation. On the facts presented hereSSand without opining on the correctness of the *Sauls* rationale as applied to other casesSSwe believe the secured claim for the arrearage should bear interest at the rate provided for in the note rather than at the lower rate proposed by the Cabreras, in order to comply with the present value requirement of 11 U.S.C.

3

§ 1325(a)(5)(b)(ii) (1994).

Accordingly, the judgment of the district court, affirming the decision of the bankruptcy court, is AFFIRMED.

4